UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Anthony Fred Martin, | ) | C/A No. 4:12-2100-DCN-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| William Byars, Warden Michael McCall, Lt. Brian DeGeorgis, Dennis Arrowood, Officer Brandon Eicu, Ms. Snyder and Officer Thurber, | ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

Presently before this court are several outstanding motions filed by the Plaintiff.[1] On January 25, 2013, Plaintiff filed a motion entitled "Opposition Motion" (doc. #54) which was construed by the Clerk of Court as a motion for sanctions and a hearing. In this motion, Plaintiff states that he is filing the motion to ". . . oppose Counsel's January 2, 2013, response to motion to take depositions. No such motion was ever filed before this court, in fact the record will reflect that the *pro se* Plaintiff requested an order to take declarations and not depositions." (Id.).

Defendants filed a response (doc. #73) in opposition to Plaintiff's motion for sanctions (Doc. #54) on February 11, 2013. In their response, Defendants argue Plaintiff's motions for sanctions should be denied as they are required to respond to the Plaintiff's motion in a way that the Clerk can determine to what motion a response is being made. Defendants contend that it is clear from the first sentence of the response that Defendants understood that he was seeking an order allowing correspondence with inmates in the Special Management Unit at Perry Correctional Institution for

---

[1] This case was reassigned to the undersigned on August 13, 2013.

the purposes of obtaining declarations even though the motion was construed as a motion to take depositions by the Clerk of Court.[2]

On January 25, 2013, Plaintiff also filed a document entitled "Plaintiff's Request for Judicial Notice" in which he requests a hearing[3] and that sanctions be imposed on Defendants for their answers to the amended complaint contending their conduct has been "scandalous and deplorable" and that they have "deliberately misrepresented material facts that has a genuine issue of dispute." (Doc. #58).

Defendants filed a response in opposition asserting Plaintiff appears to be complaining that their Answer to his complaint/amended complaint disagrees with the allegations of his complaint, but that they admit Plaintiff is "in the Special Management Unit and, as a result, is subjected to heightened security measures including searches, shakedowns, and multiple restraints" but deny his allegations "that one or more Defendants have masturbated around him or have appeared around him with an erection." (Doc. #74). Additionally, Defendants assert that while Plaintiff alleges that their response to his Motion to Take Depositions was frivolous given he was seeking declarations not depositions, they were identifying their response based on the way the Clerk docketed the motion so that the response could be properly docketed.

On February 15, 2013, Plaintiff filed a document entitled "Supporting Motion of Opposition Motion" along with a copy of a request to staff member to support his contention that he attempted

---

[2] It is noted that doc. #37 was originally listed by the Clerk of Court as a motion to take depositions but was modified on February 7, 2013, to list it as a motion to take declarations. (Doc. #37).

[3] Plaintiff also requested a hearing on his motions to compel discovery. Theses motions were denied by Order of Magistrate Judge Paige J. Gossett on May 23, 2013. (Doc. #163).

to obtain the "declarations" not depositions of two officers employed by SCDC. This document was construed by the Clerk of Court as a motion for sanctions. (Doc. #79). Defendants filed a response on March 4, 2013, to this motion for sanctions (doc. #79) asserting that nothing in the Federal Rules of Civil Procedure requires the employees of SCDC to speak with the Plaintiff or to give him a declaration in the manner he seeks and, thus, the Defendants nor counsel for the Defendants acted inappropriately. (Doc. # 86).

On February 22, 2013, Plaintiff filed a document entitled "Opposition Motion" which was construed by the Clerk of Court as a motion for sanctions. (Doc. #83). In this document, Plaintiff requests that the Defendants be sanctioned for misrepresenting issues in their answer to his second amended complaint. Defendants filed a response asserting that they have responded to all of Plaintiff's complaints and amended complaints consistently denying Plaintiff's allegations. Defendants assert that while Plaintiff may not like or agree with their responses to his allegations, it is not a ground for sanctions. (Doc. # 84).

Based on the evidence before this court, sanctions and/or hearings are not warranted and Plaintiff's motions (doc. #54, #58, #79, and #83) are DENIED as Defendants have not engaged in or failed to engage in any conduct that would warrant sanctions by the court.

AND IT IS SO ORDERED.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 19, 2013
Florence, South Carolina

3