**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| ANTHONY FRED MARTIN, No. 242768, | ) ) ) |
| Plaintiff, | ) No. 4:12-cv-02100-DCN ) ) |
| vs. | ) ) |
| WILLIAM BYARS, *et. al.*, | ) **ORDER** ) |
| Defendants. | ) ) ) |

This matter is before the court on United States Magistrate Judge Thomas E. Rogers, III's report and recommendation that the court grant the motion for summary judgment filed by defendants William Byars, Warden Michael McCall, Lieutenant Brian DeGeorgis, Sergeant Dennis Arrowood, Officer Brandon Eich, and Officer Travis Thurber. For the reasons set forth below, the court adopts the report and recommendation, ECF No. 211, and grants defendants' motion for summary judgment, ECF No. 145. Because the court grants summary judgment in favor of the defendants, it denies plaintiff Anthony Fred Martin's motion for summary judgment, ECF No. 178, and finds that Martin's nine remaining pending motions – five motions for a hearing, one motion for a perjury judgment, and three motions for sanctions – are moot.

## I.  BACKGROUND

Plaintiff is a South Carolina state prisoner who, during the relevant time period, was housed in the Special Management Unit of Perry Correctional Institution ("PCI") in Pelzer, South Carolina.

1

### A. Factual Allegations

Because defendants have moved for summary judgment, the court construes the facts in the light most favorable to Martin. On December 20, 2011, during a routine inspection of Martin's cell, Martin alleges that defendant Arrowood became sexually aroused and masturbated in front of Martin. While Arrowood's masturbation "subjected [Martin] to the spirit of homosexuality against [his] will," Arrowood neither touched Martin nor made any sexual comments during the incident. 2d Am. Compl. Ex. 2 at 5. Martin contends that defendants Thurber and Eich participated in this inspection of Martin's cell, but did not stop Arrowood's behavior. Id. at 3-5. Martin further alleges that, on December 31, 2011, Arrowood gave Martin a menacing look and defendant DeGeorgis sang both the theme song to the 1980s television show The Dukes of Hazzard as well as the chorus of a song called "I've Got Friends in High Places." Id. at 7. During this incident, DeGeorgis allegedly referred to himself as "Luce Boot Dingleberry." Id.

On January 4, 2012, Arrowood allegedly stood outside Martin's cell door and masturbated. Even after Arrowood, DeGeorgis, Thurber, and others were reassigned to other parts of the prison, "officers who worked on the night shift would still come by the cell door masturbating themselves while [Martin] slept." Id. at 9. According to Martin, "the acts of masturbation continued" even when he was moved to a different part of the prison. Id. On March 12, 2012, Arrowood returned as the night shift supervisor of a dormitory within the Special Management Unit.

### B. Procedural History

Martin filed a second amended civil complaint against Arrowood and other PCI officers, as well as former PCI warden Michael McCall and former South Carolina

Department of Corrections director William Byars on February 7, 2013, seeking relief pursuant to 42 U.S.C. § 1983. § 1983 imposes civil liability on state actors who deprive United States citizens of their constitutional rights. The second amended complaint alleges that Arrowood and others violated the Eighth Amendment's prohibition against cruel and unusual punishment by sexually assaulting Martin and acting with deliberate indifference to him. 2d Am. Compl. Ex. 2 at 4. The second amended complaint also states that Martin "raises" the issue of "conspiracy." Id.

Defendants answered the second amended complaint on February 13, 2013. On April 22, 2013, defendants filed a motion for summary judgment. Martin filed his own motion for summary judgment on June 12, 2013.[1] The matter was referred to the magistrate judge, who issued a report and recommendation ("the R&R") on November 7, 2013, recommending that the court grant defendants' motion for summary judgment and deny Martin's motion for summary judgment. Specifically, the magistrate judge recommended that Martin had not exhausted his administrative remedies pursuant to the Prison Litigation Reform Act ("the PLRA") and so defendants are entitled to summary judgment on Martin's § 1983 claims. The magistrate judge also recommended that, regardless of the exhaustion issue, defendants would still be entitled to summary judgment because Martin cannot show that the conditions of his confinement amount to cruel and unusual punishment or any other type of constitutional violation.

On November 18, 2013, Martin filed an objection to the R&R. Defendants replied to Martin's objection on December 5, 2013 and Martin filed a sur-reply on December 16, 2013. The matter has been fully briefed and is ripe for the court's review.

---

[1] Martin has filed a number of other motions, nine of which remain pending. These motions are best described as discovery-related.

## II. STANDARDS OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which specific, written objections are made, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). The magistrate judge's recommendation does not carry presumptive weight, and it is the responsibility of this court to make a final determination. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). A party's failure to object may be treated as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

Martin appears pro se in this case. Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case. See Haines v. Kerner, 404 U.S. 519, 521 (1972). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim, nor does it mean the court can assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the ECF of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At the summary

judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. Id. at 255.

### III. DISCUSSION

Like his pleadings in this case, Martin's objections are difficult to parse. While he makes several arguments related to the discovery motions he has filed with the court, his sole objection to the R&R appears to be that "the magistrate has failed to make a report and recommendation on the issue of conspiracy." Pl.'s Objections 1.

Though the court need only address the objection that Martin now raises, it briefly touches on two of the magistrate judge's recommendations: (1) Martin failed to exhaust his administrative remedies before filing this lawsuit; and (2) Martin's allegations, if true, do not amount to a constitutional violation. First, Martin's claims are undoubtedly procedurally barred. The Prison Litigation Reform Act ("the PLRA") requires that a prisoner exhaust his administrative remedies before filing a § 1983 action in federal court. 42 U.S.C. § 1997e(a). The South Carolina Department of Corrections requires that a prisoner file a Step 1 grievance form within fifteen days of the alleged incident. Ann Hallman Aff. ¶ 3. If the prisoner's grievance is not resolved, he may file a Step 2 grievance form within five days of the receipt of the warden's response to the Step 1 grievance form. Id. ¶ 4. In this case, Martin filed a Step 1 grievance form on December 29, 2011, within fifteen days of the initial alleged incident with Arrowood. 2d Am. Compl. Ex. 4. When the form was returned to him, Martin's Step 1 grievance form was returned to him as incomplete because he did include information regarding any informal attempts he made to resolve his grievance. Id. Martin has presented no evidence that he

re-filed his Step 1 grievance form, or that he filed a Step 2 grievance form regarding the alleged incidents that form the basis of his lawsuit. Moreover, the PLRA explains that

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

42 U.S.C.A. § 1997e(e). A "sexual act" requires penetration of some sort. See 18 U.S.C. § 2246. Martin has not alleged either that he was physically injured or that any sexual act occurred. As the magistrate judge recommended, Martin's claims are procedurally barred. Second, Martin's claims would still fail, even if they were not procedurally barred, because he does not allege any facts that would rise to the level of an Eighth Amendment violation. See Hudson v. McMillan, 503 U.S. 1, 9 (1992) (explaining that only "extreme deprivations" and deliberate indifference to "serious" medical needs will substantiate Eighth Amendment deliberate indifference or conditions-of-confinement claims); Catoe v. York Cnty. Det. Ctr., No. 13-cv-01655, 2013 WL 4499455, at *3 (D.S.C. Aug. 19, 2013) (collecting cases).

What remains to be considered is Martin's objection that the magistrate judge did not sufficiently address the conspiracy issue raised in the second amended complaint. The Fourth Circuit has explained that "[t]o establish a civil conspiracy under § 1983, Appellants must present evidence that the Appellees acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in Appellants' deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). A plaintiff seeking to show civil conspiracy under the South Carolina common law must show the following three elements: "(1) the combination of two or more people, (2) for the purpose of injuring the plaintiff, (3) which causes special

6

damages." Pye v. Estate of Fox, 633 S.E.2d 505, 511 (S.C. 2006).  A plaintiff seeking to prove common law conspiracy must also show that he has suffered damages as a result of a conspiracy that go beyond the damages he has alleged in his other causes of action.  Id. ("Because the quiddity of a civil conspiracy claim is the damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action.").

The court cannot fault the magistrate judge for failing to address the "conspiracy issue" as that issue was not clearly pleaded as a claim in any of Martin's complaints.  To the extent that Martin has pleaded a conspiracy cause of action – whether it be a claim for § 1983 conspiracy or for common law conspiracy – that claim fails.  Martin has not shown any overt acts carried out by the purported co-conspirators that would justify a conspiracy claim under § 1983.  In a similar vein, Martin has not alleged that the alleged conspiracy caused him any damages that exceed the damages he suffered from defendants' other alleged bad acts.  Even if Martin had brought a claim for conspiracy, summary judgment in favor of defendants would still be appropriate.

## IV. CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R, ECF No. 211, and **GRANTS** defendants' motion for summary judgment, ECF No. 145.  Because the court grants summary judgment in favor of the defendants, it **DENIES** plaintiff's motion for summary judgment, ECF No. 178, and **FINDS AS MOOT** plaintiff's remaining motions for a hearing, for sanctions, and for a perjury judgment, ECF Nos. 103, 125, 146, 150, 160, 174, 201, 205, and 206.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 28, 2014**
**Charleston, South Carolina**